IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–03133–PAB–KMT

LINDA ORRICK,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation,

    Defendant.

---

## ORDER

---

This matter is before the court on "Defendant's Motion to Temporarily Stay Discovery" (Doc. No. 23 [Mot.], filed April 30, 2012). Plaintiff filed her response on May 22, 2012 (Doc. No. 25 [Resp.]), and Defendant filed its Reply on June 5, 2012 (Doc. No. 26 [Reply]).

Plaintiff filed her Complaint on December 2, 2011, alleging Defendant violated the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). (Doc. No. 1.) Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) on March 14, 2012, which presently is pending before District Judge Philip A. Brimmer. (Doc. No. 16.) Defendant now moves for a stay of discovery pending ruling on its Motion to Dismiss.

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt, Inc.*, 713 F.2d

1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted). However, a stay may be appropriate in certain circumstances. The Court weighs several factors when evaluating the propriety of a stay. *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (describing five-part test). The Court considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties; and (5) the public interest in general. *Id.* Here, these factors weigh in favor of the entry of a stay.

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion. *Landis v. North American Co.*, 299 U.S. 248, 254–255 (1936). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931). Moreover, lack of subject matter jurisdiction may be asserted at any time by the court either at the trial or appellate level, and that has been done on innumerable occasions at all levels of the federal judiciary. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A Rule 12(b)(1) challenge is usually among the first issues

resolved by a district court because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge. *Id.*

Defendant argues that, if its Motion to Dismiss is granted, it will be burdened by being required to participate in discovery that would be unnecessary. (*See* Mot. at 5–6.) Plaintiff argues that she will be prejudiced because Defendant has failed to guarantee it will make "relevant employees available for deposition in the future." (Resp. ¶ 12.) Defendant counters that this case is about one phone call, that both parties have the recording of the phone call, and that Defendant disclosed the names of a company representative and the collector who participated in the phone call. (Reply at 2.) The court agrees with Defendant that the parties have an ethical duty to work with each other to set deposition dates. The court also notes that, if Defendant fails to cooperate in scheduling any requested depositions at a later time, Plaintiff may file a motion to compel such depositions. The court also agrees with Defendant that, because its Rule 12(b)(1) Motion may be dispositive of the entire case, it would be overly burdensome to require it to participate in discovery until the Motion to Dismiss is decided.

Plaintiff has failed to address the remaining factors to be considered in determining whether a stay will be granted. Rather, Plaintiff's Response largely is about Defendant's failure to respond to written discovery requests. (*See* Resp.) These arguments are irrelevant to the present motion, however. The court also considers its own convenience, the interests of non-parties, and the public interest in general. None of these factors prompt the court to reach a different result. Therefore, it is

3

**ORDERED** that the "Defendant's Motion to Temporarily Stay Discovery" (Doc. No. 23) is GRANTED.  This case is STAYED pending ruling on Defendants' Motion to Dismiss.  It is further

**ORDERED** that the parties shall file a joint status report within ten days of the district court's ruling on the Motion to Dismiss if any portion of the action remains pending.  It is further

**ORDERED** that "Plaintiff's Motion to Compel" (Doc. No. 28, filed July 31, 2012) is DENIED without prejudice as moot.  Plaintiff may refile its Motion to Compel, if necessary, after the district court's ruling on the Motion to Dismiss.

Dated this 2nd day of August, 2012.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge