IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03133-PAB-KMT

LINDA ORRICK,

     Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation,

     Defendant.

---

**ORDER**

---

This matter is before the Court on the Motion to Dismiss [Docket No. 16] filed by defendant Midland Credit Management, Inc.

On December 2, 2011, plaintiff Linda Orrick filed a complaint alleging that defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* [Docket No. 1].  According to the complaint, defendant communicated information concerning plaintiff's debt to Experian, a credit reporting agency.  Docket No. 1 at 8-11.  Plaintiff contends defendant knowingly failed to advise Experian that the debt was in dispute, thereby violating the FDCPA.  *See* 15 U.S.C. § 1692e.  For relief, plaintiff seeks statutory damages available under the FDCPA as well as reasonable attorneys' fees and costs.  Docket No. 14 at 5; Docket No. 16-2 at 3.

On December 12, 2011, ten days after plaintiff filed her complaint, defendant tendered plaintiff an Offer of Judgment pursuant to Fed. R. Civ. P. 68 in the amount of "One Thousand One Dollars ($1,001.00)" as well as "[p]laintiff's costs and reasonable

attorneys' fees . . . said fees and costs shall be as are agreed to between counsel for the parties, or if they are unable to agree, as determined by the Court upon motion."[1] Docket No. 16-1 at 1, ¶¶ 1-2.  The Offer of Judgment stated: "[t]he judgment entered in accordance with this Offer of Judgment is to be in total settlement of any and all claims by Plaintiff against Defendant and said judgment shall have no effect whatsoever except in settlement of those claims." *Id*. at ¶ 3.  The Offer of Judgment also stated that, if it was not accepted within fourteen days, the Offer of Judgment was withdrawn. *Id*. at 2.  Plaintiff did not accept the Offer of Judgment within fourteen days.  Docket No. 16 at 1.  On March 14, 2012, defendant filed a motion to dismiss plaintiff's FDCPA claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [Docket No. 16].

Defendant has attached evidence to support its motion to dismiss.  *See* Docket Nos. 16-1, 16-2.  The motion therefore presents a factual attack on the Court's subject-matter jurisdiction and no presumptive truthfulness attaches to plaintiff's allegations. *SK Finance SA v. La Plata Cnty*., 126 F.3d 1272, 1275 (10th Cir. 1997) (noting that reference to evidence outside the pleadings does not convert the motion to dismiss pursuant to Rule 12(b)(1) into one for summary judgment).  Because the proffered evidence is uncontested, however, there are no disputed facts to resolve.

The purpose of Rule 68 is "to encourage settlement and avoid litigation."  *Marek v. Chesny*, 473 U.S. 1, 7 (1985).  Rule 68 "prompts both parties to a suit to evaluate the

---

[1]Rule 68 of the Federal Rules of Civil Procedure states, "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."  Fed. R. Civ. P. 68(a).  If a plaintiff rejects a Rule 68 offer, he must pay costs incurred after the offer was made if the amount awarded at trial is less than the offer.  Fed. R. Civ. P. 68(d).

risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Id*. Rule 68 accomplishes the objective of settlement with a two-part approach. First, Rule 68 allows a defendant to make a "firm, non-negotiable offer of judgment." *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002). However, unlike traditional settlement negotiations in which a plaintiff may seek clarification or make a counteroffer, a plaintiff faced with an Offer of Judgment pursuant to Rule 68 may only accept or refuse. *Id*. Thus, because a Rule 68 offeree is at the mercy of the offeror's choice of language, "the plaintiff should not be left in the position of guessing what a court will later hold the offer means." *Id*. at 1244.

Defendant asserts that this case should be dismissed because plaintiff failed to accept its Offer of Judgment. Docket No. 16 at 6-7. Defendant purports that its Offer of Judgment of $1001.00 plus costs and reasonable attorneys' fees is a full and complete settlement of plaintiff's available damages and, therefore, moots the case. *Id*. The FDCPA states that a plaintiff can recover as damages "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Under the FDCPA, the maximum amount of statutory damages is $1,000.00. 15 U.S.C. § 1692k(a)(2)(A). Other circuits have held that an Offer of Judgment for the full relief to which the plaintiff is entitled may moot a case. *See, e.g., Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004); *Rand v. Monsanto Co.*, 926 F.2d 596, 597-98 (7th Cir. 1991). The Tenth Circuit has yet to address this issue. *See Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1243 (10th Cir. 2011) ("[w]hile [the Tenth

3

Circuit has] yet to address the question squarely, other circuits have concluded that if a defendant makes an offer of judgment in complete satisfaction of a plaintiff's claims . . . the plaintiff's claims are rendered moot"). Assuming, without deciding, that an Offer of Judgment could render plaintiff's case moot, defendant's offer here does not do so.

Defendant's Offer of Judgment is not limited to the claims plaintiff alleges in this case, but rather is a "total settlement of any and all claims by Plaintiff against Defendant." Docket No. 16-1 at 1, ¶ 3. Thus, were plaintiff to accept the Offer of Judgment, she would be precluded from filing any other claim that she has against the defendant. In fact, in her response to the motion to dismiss, Ms. Orrick indicates that she has such a claim against the defendant. Plaintiff states that this claim is based on acts to collect the debt at issue in this case that took place after this case was filed. Docket No. 20 at 2. As a result, plaintiff indicates that the Offer of Judgment would not compensate her for the maximum amount that she could recover against the defendant. The Court agrees. Plaintiff could recover an additional amount, based upon the alleged new violation, in a separate case. The Offer of Judgment did not offer plaintiff full relief. Therefore, this case is not barred for lack of a case or controversy.

Defendant argues its Offer of Judgment does not sweep so broadly as to preclude plaintiff from filing additional claims. Docket No. 22 at 2-3. The plain language of the Offer of Judgment contradicts that interpretation. Nowhere does the language limit the settlement to the claims contained in this complaint. Rather, it is described as a "total settlement" of "any and all" claims by plaintiff against defendant. Docket No. 16-1 at 1, ¶ 3. At best, the terms of defendant's Offer of Judgment are ambiguous. Defendant, however, cannot invoke Rule 68 when it presents plaintiff with

4

an ambiguous Offer of Judgment because "the offeree must know what is being offered in order to be responsible for refusing the offer."  *Arkla Energy Res., a Div. of Arkla, Inc. v. Roye Realty & Developing, Inc.*, 9 F.3d 855, 867 (10th Cir. 1993)*; see also Basha v. Mitsubishi Motor Credit of Am., Inc.*, 336 F.3d 451, 455 (5th Cir. 2003) (quoting *Thomas v. Nat'l Football League Players Ass'n*, 273 F.3d 1124, 1130 (D.C. Cir. 2001)) (an Offer of Judgment must provide "'a clear baseline from which plaintiffs may evaluate the merits of their case relative to the value of the offer'").

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) [Docket No. 16] is **DENIED**.

DATED February 22, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge