IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03133-PAB-KMT

LINDA ORRICK,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation,

    Defendant.

## ORDER

The matter is before the Court on the Motion for Attorney's Fees [Docket No. 42] filed by plaintiff Linda Orrick.

## I. BACKGROUND

On December 2, 2011, plaintiff Linda Orrick filed a complaint alleging that defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* [Docket No. 1]. According to the complaint, defendant communicated information concerning plaintiff's debt to Experian, a credit reporting agency. Docket No. 1 at 8-11. Plaintiff contends defendant knowingly failed to advise Experian that the debt was in dispute, thereby violating the FDCPA. *See* 15 U.S.C. § 1692e. For relief, plaintiff seeks statutory damages available under the FDCPA as well as reasonable attorney's fees and costs. Docket No. 14 at 5; Docket No. 16-2 at 3.

On December 12, 2011, ten days after plaintiff filed her complaint, defendant tendered to plaintiff an Offer of Judgment pursuant to Fed. R. Civ. P. 68 in the amount

of "One Thousand One Dollars ($1,001.00)" as well as "[p]laintiff's costs and reasonable attorneys' fees . . . said fees and costs shall be as are agreed to between counsel for the parties, or if they are unable to agree, as determined by the Court upon motion." Docket No. 16-1 at 1, ¶¶ 1-2. The Offer of Judgment stated: "[t]he judgment entered in accordance with this Offer of Judgment is to be in total settlement of any and all claims by Plaintiff against Defendant and said judgment shall have no effect whatsoever except in settlement of those claims." *Id*. at ¶ 3. The Offer of Judgment also stated that, if it was not accepted within fourteen days, the Offer of Judgment was withdrawn. *Id*. at 2. Plaintiff did not accept the Offer of Judgment. Docket No. 16 at 1.

On March 14, 2012, defendant filed a motion to dismiss plaintiff's FDCPA claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [Docket No. 16]. On April 4, 2012, plaintiff filed a response. Docket No. 20. On April 30, 2012, defendant filed a motion to stay discovery [Docket No. 23] and, on May 22, 2012, plaintiff filed a response [Docket No. 25]. On August 2, 2012, defendant's motion to stay discovery was granted. Docket No. 30. On February 22, 2013, the Court denied defendant's motion to dismiss. Docket No. 36. Defendant again extended an offer of judgment in the amount of $1,001 in favor of plaintiff and, on February 26, 2013, plaintiff filed a notice accepting defendant's offer. Docket No. 38.

In the instant motion, plaintiff seeks $8,350 in attorney's fees for 33.4 hours of work provided by her attorney, David M. Larson, at an hourly rate of $250. Docket No. 42 at 2, ¶ 7. Plaintiff seeks an additional $700 for 2.8 hours Mr. Larson billed for reviewing defendant's response to plaintiff's motion for attorney's fees and drafting a reply brief. Docket No. 44 at 10. Defendant opposes the number of hours billed by Mr.

Larson for multiple reasons and argues that 20 to 21 hours of work is reasonable in this case. Docket No. 43 at 14.

## II. ANALYSIS

Section 1692k(a) of the FDCPA provides that a successful plaintiff may seek from defendant a "reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). To determine a reasonable fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

### A. Hourly Rate

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998). In order to satisfy her burden, plaintiff must produce "satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*

*v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Here, the parties have stipulated to an hourly rate of $250. The Court is not bound by the parties' stipulation; however, the Court finds that $250 per hour is a reasonable rate for an attorney of Mr. Larson's experience in the Denver legal market. *See Peterson-Hooks v. First Integral Recovery, LLC*, No. 12-cv-01019-PAB-BNB, 2013 WL 2295449, at *7 n.10 (D. Colo. May 24, 2013) (collecting cases).

### B.  Number of Hours

In determining the reasonableness of the hours expended, a court considers several factors. First, it considers whether the fees pertain to tasks that would ordinarily be billed to a client. *See Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), *overruled on other grounds by Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 717 n. 4 (1987). Plaintiff must demonstrate that his counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). If not, a court should take extra care to ensure that an attorney has not included unjustified charges in his billing statement. *Id*. A court should also consider whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering. *Id*. "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services"

caused by the presence of multiple attorneys when one would suffice. *Ramos*, 713 F.2d at 554. Ultimately, the Court's goal is to fix a fee that would be equivalent to what the attorney would reasonably bill for those same services in an open market and fees will be denied for excessive, redundant, and otherwise unnecessary expenses. *Ramos*, 713 F.2d at 553. The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

Defendant argues that, because Mr. Larson is experienced in handling FDCPA litigation, Mr. Larson's billing records do not reflect certain efficiencies. Docket No. 43 at 6. Defendant argues that the 5.7 hours Mr. Larson billed prior to and including the filing of the complaint is excessive. Docket No. 43 at 7. According to Mr. Larson's records, Mr. Larson spent 5.7 hours meeting with plaintiff, reviewing credit reports, telephone audio recordings, reviewing a state court lawsuit filed against plaintiff by defendant, reviewing telephone records, and drafting the complaint. Docket No. 42-1 at 1-2. The Court does not find excessive the 3.4 hours Mr. Larson billed for communicating with plaintiff and reviewing audio recordings and other evidence. The Court does not find the two hours Mr. Larson billed for drafting plaintiff's complaint excessive because, although defendant may be correct that much of plaintiff's complaint is a form pleading, plaintiff's complaint contains several pages of factual

allegations specific to this case.  *See* Docket No. 1 at 3-8.

Defendant argues that the 2.3 hours Mr. Larson billed for reviewing and responding to defendant's motion to stay discovery and the 1.4 hours Mr. Larson billed for work on discovery and drafting a motion to compel are unreasonable because plaintiff did not ultimately succeed on either motion.  Docket No. 43 at 8-9.  Defendant filed a motion to stay discovery.  The Court does not find any indication that Mr. Larson's strategy in defending the motion to stay discovery or drafting a motion to compel was unreasonable or unnecessary.  *See Ramos*, 713 F.2d at 554.

Defendant argues that the 2.7 hours Mr. Larson billed for reviewing and responding to defendant's first and second offers of judgment was unreasonable.  Docket No. 43 at 9.  The Court disagrees.  Even if, as defendant claims, its offers of judgment were identical to others it has sent Mr. Larson in the past, Fed. R. Civ. P. 68 offers of judgment carry significant consequences for plaintiff.  The Court does not find it unreasonable for Mr. Larson to meet with plaintiff in person to review defendant's offer and discuss potential options.

Defendant argues that the time Mr. Larson billed for reviewing routine court filings was unreasonable.  Docket No. 43 at 11-12.  Plaintiff argues that Mr. Larson was required to review all Court filings and that, under the Local Rules, Mr. Larson is required to confer with opposing counsel.  Docket No. 44 at 9.  The Court agrees, but Mr. Larson billed the minimum unit of time under his system (0.1 hours or 6 minutes) to review many simple orders that would not take 60 seconds to review, thus justifying a reduction.  The Court finds that Mr. Larson billed 2.6 hours for reviewing one line minute orders and other uncomplicated court filings.  The Court will subtract 1.3 hours.

*See Hensley*, 461 U.S. at 434.  Defendant argues that the 1.8 hours Mr. Larson billed for work on the scheduling order is excessive.  Docket No. 43 at 11.  The Court agrees with defendant that the scheduling order is a routine document and will subtract 0.9 hours.  Defendant argues that the time Mr. Larson billed for communicating with plaintiff was excessive.  Docket No. 43 at 12.  The Court does not see any indication that Mr. Larson communicated with his client as a way of padding his bill.

Defendant argues that Mr. Larson spent an unreasonable amount of time preparing and filing plaintiff's bill of costs and the instant motion for attorney's fees.  Docket No. 43 at 13.  Recovery of fees for resolving an attorney's fee request is normally allowed even after the merits of the dispute have been settled.  *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986).  The Court finds that plaintiff has failed to justify the multiple emails Mr. Larson sent to defense counsel regarding attorney's fees and will subtract 0.3 hours.  With regard to the 2.8 hours Mr. Larson billed in reviewing defendant's response and drafting plaintiff's reply, the Court notes that defendant's response brief was 14 pages and raised several arguments meriting a response.  Although the Court reduced plaintiff's award slightly, the Court otherwise finds that plaintiff's claim for a reasonable fee was substantially vindicated.  *See Glass v. Pfeffer*, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988) ("It is obviously fair to grant a fee for time spent litigating the fee issue, at least if the fee petitioner is successful and his claim as to a reasonable fee is vindicated, since it is the adversary who made the additional work necessary.") (citation and internal quotations omitted); *see also Cummins v. Campbell*, 44 F.3d 847, 855 (10th Cir. 1994) (finding that, while an attorney is generally allowed to recover fees for work in seeking attorney fees, a district court has discretion to deny an

award for those hours if the underlying claim for fees is unreasonable).

Unlike many FDCPA cases, this case was litigated over the course of more than one year and defendant filed multiple motions that necessitated a response from plaintiff's counsel. *See* Docket Nos. 16, 23, 33. The Court finds that Mr. Larson reasonably expended 33.7 hours on this case.

### C. Lodestar Amount

Based on the aforementioned conclusions, the Court finds that the lodestar figure for plaintiff's attorney's fee request is $8425. This fee award is reasonable given the issues presented in this case and it is also adequate to attract competent counsel to similar cases without producing a windfall for attorneys. *Blum*, 465 U.S. at 893-94.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion for Attorney's Fees [Docket No. 42] is **GRANTED** in part and **DENIED** in part as indicated in this Order. It is further

**ORDERED** that plaintiff LINDA ORRICK shall be awarded $8425 in attorney's fees.

DATED March 17, 2014.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge